IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL O'GRADY, | ) |
| | ) |
| ROBYN HERR, | ) |
| | ) |
| D.H. (name redacted per Local Rule 5-2.17), | ) |
| a minor by and through his mother, | ) |
| Lisa Gann, | ) |
| | ) |
| and | ) |
| | ) |
| A.H. (name redacted per Local Rule 5-2.17), | )   Cause No. |
| a minor by and through her mother, | ) |
| Amber Picard, | )   Division No. |
| | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF BALLWIN, MISSOURI, | )   **JURY TRIAL DEMANDED** |
| | ) |
| Serve at:   Marie Clark, City Clerk | ) |
|           City of Ballwin | ) |
|           14811 Manchester Road | ) |
|           Ballwin, MO  63011 | ) |
| | ) |
| STEVE MORRISON, | ) |
| | ) |
| Serve at:   Marie Clark, City Clerk | ) |
|           City of Ballwin | ) |
|           14811 Manchester Road | ) |
|           Ballwin, MO  63011 | ) |
| | ) |
| CURT SAITTA, | ) |
| | ) |
| Serve at:   Marie Clark, City Clerk | ) |
|           City of Ballwin | ) |
|           14811 Manchester Road | ) |
|           Ballwin, MO  63011 | ) |
| | ) |
| DAVID WANGROW, | ) |
| | ) |
| Serve at:   Marie Clark, City Clerk | ) |

City of Ballwin )
14811 Manchester Road )
Ballwin, MO  63011 )
)
DEREK LOEFFEL, )
)
Serve at:   Marie Clark, City Clerk )
City of Ballwin )
14811 Manchester Road )
Ballwin, MO  63011 )
)
MARK LANG, )
)
Serve at:   Marie Clark, City Clerk )
City of Ballwin )
14811 Manchester Road )
Ballwin, MO  63011 )
)
JOHN DOES 1-10, )
)
Serve at:   Hold Service )
)
)
)
METRO WEST FIRE PROTECTION )
DISTRICT, )
)
Serve at:   Chief Vincent T. Loyal )
17065 Manchester Road )
Wildwood, MO  63040 )
)
and )
)
JOHN DOES 11-12, )
)
Serve at:   Hold Service )
)
)
)
Defendants. )

## **COMPLAINT**

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their undersigned counsel, and for their Complaint against Defendants state as follows:

## GENERAL ALLEGATIONS

1.  At all times referred to herein, Plaintiff Paul O'Grady was a resident of Clay County, Missouri.

2.  At all times referred to herein, Plaintiff Robyn Herr was a resident of St. Louis County, Missouri.

3.  At all times referred to herein, Plaintiff D.H., a minor (name redacted per Local Rule 5-2.17) was a resident of Madison County, Illinois.  Plaintiff D.H. is ten years old, born in 2000.  The proceeds of any settlement or judgment in favor of Plaintiffs will be appropriately allocated into an account to provide for plaintiff D.H.'s future, including future college expenses.

4.  At all times referred to herein, Plaintiff A.H., a minor (name redacted per Local Rule 5-2.17) was a resident of St. Louis County, Missouri.  Plaintiff A.H. recently tuned one year old, born in 2009.  The proceeds of any settlement or judgment in favor of Plaintiffs will be appropriately allocated into an account to provide for plaintiff A.H.'s future, including future college expenses.

5.  At all times referred to herein, decedent Josh Herr was a resident of St. Louis County, Missouri.

6.  Defendant City of Ballwin, Missouri is a political subdivision of the State of Missouri located within St. Louis County, Missouri.

7.  At all times referred to herein, Defendant Steve Morrison was a resident of St. Louis County, Missouri.

8.     At all times referred to herein, Defendant Curt Saitta was a resident of St. Louis County, Missouri.

9.     At all times referred to herein, Defendant David Wangrow was a resident of St. Louis County, Missouri.

10.     At all times referred to herein, Defendant Derek Loeffel was a resident of St. Louis County, Missouri.

11.     At all times referred to herein, Defendants John Doe 1-10 were residents of St. Louis County, Missouri.

12.     Defendant Metro West Protection District is a political subdivision of the State of Missouri located within St. Louis County, Missouri.

13.     At all times referred to herein, Defendants John Doe 11 and 12 were residents of St. Louis County, Missouri.

14.     This Court is the proper venue for this action because the cause of action accrued within the City of Ballwin, Missouri.

15.     Plaintiffs Paul O'Grady and Robyn Herr are the parents of the decedent Josh Herr ("Herr").

16.     Herr is also survived by his minor children Plaintiffs D.H., a minor (name redacted per Local Rule 5-2.17) and A.H., a minor (name redacted per Local Rule 5-2.17).

17.     Plaintiffs bring this action on behalf of all who are entitled to recover under Missouri revised statute 537.080, et. seq., which is commonly referred to as the Missouri Wrongful Death Statute.

18.    This action is also brought for damages under 42 U.S.C. Section 1983 in regards to violations by Defendants of rights secured by the Fourteenth Amendment to the United States Constitution.

19.    Attorney's fees and costs are sought pursuant to 42 U.S.C. § 1988.

20.    Plaintiffs further bring this action on behalf of Herr for all additional available claims and remedies.

21.    Defendant City of Ballwin, Missouri ("City of Ballwin") is a municipality incorporated under the laws of the State of Missouri.

22.    At all times referred to herein, Defendant Steve Morrison ("Morrison") was a duly appointed and acting officer of the City of Ballwin Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

23.    At all times pertinent herein, Defendant Curt Saitta ("Saitta") was a duly appointed and acting officer of the City of Ballwin Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

24.    At all times pertinent herein, Defendant David Wangrow ("Wangrow") was a duly appointed and acting officer of the City of Ballwin Police Department, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

25.    At all times pertinent herein, Defendant Derek Loeffel ("Loeffel") was a duly appointed and acting officer of the City of Ballwin Police Department, acting under color of law,

to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

26.     At all times pertinent herein, Defendant Mark Lang ("Lang") was a duly appointed and acting officer of the City of Ballwin Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

27.     At all times pertinent herein, Defendants John Doe 1-10 were duly appointed and acting officers or employees of the City of Ballwin Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Ballwin.

28.     At all times pertinent herein, Defendants John Doe 11 and 12 were duly appointed and acting officers of the Metro West Fire Protection District, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or the Metro West Fire Protection District.

29.     At all times pertinent herein, Defendant City of Ballwin operated supervised, controlled and managed the City of Ballwin Police Department, Defendant Morrison, Defendant Saitta, Defendant Waingrow, Defendant Loeffel and Defendants John Doe 1-10.  As such, the City of Ballwin is liable for the tortious acts of the defendant Officers.

30.     Defendant Morrison is sued in both his official and individual capacity for damages.

31.     Defendant Saitta is sued in both his official and individual capacity for damages.

32.     Defendant Waingrow is sued in both his official and individual capacity for damages.

33.     Defendant Loeffel is sued in both his official and individual capacity for damages.

34.     Defendant Lang is sued in both his official and individual capacity for damages.

35.     Defendants John Doe l-10 are sued in both their official and individual capacity for damages.

36.     Defendants John Doe 11 and 12 are sued in both their official and individual capacity for damages.

37.     The incident giving rise to this action occurred within the City of Ballwin, Missouri on or about September 21, 2009.

38.     On that date, Herr was at his residence located at 234 Solon Drive, Apt. B, Ballwin, Missouri 63021.

39.     Defendants Morrison and Saitta went to Herr's residence at the request of Herr's ex-girlfriend, Amber Picard ("Picard") and Herr's mother, Robyn Herr.

40.     Robyn Herr and Picard requested that the officers accompany them to Herr's residence due to recent threats of suicide made by Herr to Robyn Herr and Picard as a result of the breakup of Picard with Herr.  Herr previously indicated on the day in question on a number of occasions that he was done with life, that he had said good-bye to his children through their mothers, and provided a signed death card.

41.     Herr was experiencing a mental health crisis as defined in General Order 68-09 of the City of Ballwin Police Department.

42.     Defendants Morrison and Saitta entered Herr's residence and questioned Herr, Robyn Herr, and Picard about his suicide threats.

43.     Defendant Morrison is not a member of the City of Ballwin's Crisis Intervention Team.

44.     Defendant Saitta is not a member of the City of Ballwin's Crisis Intervention Team.

45.     Picard asked Defendants Morrison and Saitta to listen to saved messages on her cell phone from Herr containing his suicide threats, and Defendants refused to listen to the messages.

46.     Picard offered to sign an affidavit for the involuntary commitment of Herr for evaluation, but Defendants Morrison and Saitta told Picard that only Robyn Herr could sign the affidavit.

47.     Defendants Morrison and Saitta never requested that a member of the City of Ballwin's Crisis Intervention Team ("CIT") respond to the scene even though Defendants knew that Herr had expressed multiple threats of suicide to Robyn Herr and Picard.

48.     Defendant City of Ballwin never dispatched a CIT officer to the scene even though Herr had expressed multiple threats of suicide to Robyn Herr and Picard.

49.     Defendants Morrison and Saitta never apprised Herr, Robyn Herr, or Picard of the services available from Behavorial Health Response ("BHR"), nor did they provide them with the BHR crisis hotline numbers or initiate contact with BHR on behalf of Herr.

50.     After speaking with Herr, Defendants Morrison and Saitta left the premises with intentional and reckless disregard to the knowledge that Herr was suicidal and intended to kill himself.

51.     Defendants Morrison and Saitta failed to investigate further or ascertain Herr's true condition or provide any medical assistance or treatment.

52.     Defendants Morrison and Saitta failed to make any emergency call for medical treatment or assistance for Herr, with intentional and reckless disregard to the knowledge that Herr had expressed intent to kill himself.

53.     After Defendants Morrison and Saitta left Herr's residence, Herr ingested a large number of sleeping pills in front of Robyn Herr and Picard.

54.     Picard called the City of Ballwin Police Department and requested immediate assistance.

55.     Defendants Morrison and Saitta were dispatched back to Herr's residence. Defendants Morrison and Saitta arrived at the scene with paramedics and other personnel from the Metro West Fire Protection District.

56.     Defendants Morrison and Saitta were informed by Robyn Herr and Picard that Herr had ingested a large number of sleeping pills, and that Herr left his residence immediately before the officers' arrival.

57.     Defendants Morrison and Saitta were provided with the empty sleeping pill containers by Picard, along with a suicide note from Herr.

58.     Defendants Morrison and Saitta knew or should have known that Herr had ingested a fatal overdose due to the number and types of pills.

59.     Defendant Metro West Fire Protection District, and its paramedics and personnel, knew or should have known that Herr had ingested a fatal overdose due to the number and types of pills.

60.     Defendants Morrison and Saitta failed to contact anyone to confirm whether the number and types of pills ingested by Herr would result in death.

61.     Defendant Metro West Fire Protection District, and its paramedics and other personnel, failed to notify anyone that Herr had ingested a fatal overdose due to the number and types of pills.

62.     Despite the foregoing, Defendants Morrison, Saitta, and the Metro West Fire Protection District personnel informed Robyn Herr and Picard that the pills ingested by Herr would only make him sick and would not kill him.

63.     Defendants Morrison and Saitta failed to investigate or ascertain Herr's medical condition or provide any medical assistance or treatment with intentional or reckless disregard to the knowledge that Herr had ingested a fatal overdose of sleeping pills.

64.     Defendants Morrison, Saitta, Wangrow and Loeffel failed to locate Herr, with intentional or reckless disregard to the knowledge that Herr had ingested a fatal overdose of sleeping pills and required immediate medical assistance or treatment.

65.     Defendants Morrison, Saitta, Wangrow and Loeffel failed to request additional assistance when they failed to locate Herr.

66.     As a result of Defendants Morrison and Saitta's affirmative representations that Herr had not ingested a fatal overdose of sleeping pills, Robyn Herr and Picard took little or no action on their own to immediately locate Herr in order to provide him with medical assistance and treatment.

67.     Due to their representations that Herr had not ingested a fatal overdose of sleeping pills, Defendants Morrison and Saitta prevented Herr from receiving aid which Robyn Herr and Picard, and other family and friends, would have attempted to provide to Herr if they had been aware Herr had ingested a fatal overdose of sleeping pills and required immediate medical assistance or treatment.

10

68.     Defendants also threatened to arrest Picard's brother, Brent Picard, for trespassing when he started searching for Herr in the neighborhood yards.

69.     Defendants never completed a CIT report, and no CIT officer was appropriately advised of the events involving Herr prior to his death.

70.     Although Herr met the criteria under the Missouri Endangered Person Advisory program, Defendants did not activate any resources under said program.

71.     As a result of these aforementioned injuries, Herr died on or about September 21, 2009.

72.     Herr's body was found by friends on October 22, 2009 only a few hundred feet from his residence.

73.     Due to the close proximity of Herr's body to his residence, it is likely that Defendants could have easily located Herr and provided sufficient medical assistance for him to recover.

74.     Herr's body was found severely decomposed in part of the stream and the age of Herr was undeterminable due to the level of decomposition.  His head was skeletonized with maggot activity and his fingers were mummified.

75.     Defendant City of Ballwin has purchased liability insurance covering the exercise of a governmental function.

76.      Defendant Metro West Fire Protection District has purchased liability insurance covering its actions complained of herein.

### COUNT I – WRONGFUL DEATH CLAIM AGAINST DEFENDANTS CITY OF BALLWIN, MORRISON, SAITTA, WANGROW AND LOEFFEL

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through

their attorneys of record, and for Count I of their cause of action against Defendants City of

Ballwin, Morrison, Saitta, Wangrow, and Loeffel state as follows:

77.     Plaintiffs restate and reallege all of the allegations of paragraphs 1-75 by this

reference as if fully restated herein.

78.     Plaintiffs bring this count on behalf of all persons entitled to recover under Mo.

Rev. Stat. § 537.080, et seq., which is commonly known as the Missouri "Wrongful Death

Statute".

79.     Defendants were required to take certain actions, including but not limited to

those specified by General Order 68-09 and General Order 36-07 of the City of Ballwin Police

Department, and those actions were ministerial and not discretionary.

80.     Defendants owed Herr a duty:

    a.   To prevent Herr from harming himself once they became aware he had

        expressed an intention of doing so;

    b.   To provide Herr with assistance from the City of Ballwin Crisis Intervention

        Team;

    c.   To determine whether the sleeping pills ingested by Herr placed him in

        immediate need of medical assistance;

    d.   To refrain from rendering a medical opinion on the risk of death from the

        sleeping pills ingested by Herr unless qualified to do so;

    e.   To render a correct medical opinion on the risk of death from the sleeping

        pills ingested by Herr once it was decided that such opinion should be given;

    f.   To immediately locate Herr and provide him with medical care and assistance once it was determined he had ingested a large amount of a dangerous substance;

    g.   To not be deliberately indifferent to Herr's health and safety needs;

    h.   To provide medical assistance and care to Herr; and

    i.   To not cause Herr to die.

81.    Defendants intentionally or recklessly failed to take the steps necessary to prevent Herr's suicide, including failure to request that a CIT officer respond to the scene to assist Herr, and failure to take Herr into custody for mental evaluation once they received notice of his suicide threats.

82.    Defendants located the empty sleeping pill containers, and knew or should have known that Herr had ingested a fatal overdose due to the number and types of pills, along with Herr's reported statements that he intended to kill himself.

83.    Defendants intentionally or recklessly failed to verify whether the number and types of pills ingested by Herr would cause death.

84.    Defendants intentionally or recklessly failed to take the necessary steps, including requesting additional assistance, to locate Herr after he ingested the sleeping pills.

85.    Defendants intentionally or recklessly represented to Robyn Herr and Picard that the number and types of pills ingested by Herr would not cause death, thereby preventing Robyn Herr, Picard, and other individuals willing to assist Herr from providing such assistance due to a belief that such assistance was not immediately necessary.

86.    It was reasonably foreseeable to Defendants that an individual who had recently expressed intent to kill himself would, in fact, take steps to commit suicide.

13

87.     It was reasonably foreseeable to Defendants that an individual who ingested a large number of various types of sleeping pills would suffer death as a result of such an overdose, and that the individual would require immediate medical assistance and treatment in order to survive.

88.     It was reasonably foreseeable to Defendants that their efforts to locate Herr were inadequate since they had limited time to locate him before death ensued from his overdose.

89.     It was reasonably foreseeable to Defendants that by informing Robyn Herr and Picard that Herr was not in danger of death from ingesting the sleeping pills that Robyn Herr and Picard would not take immediate steps to locate Herr to provide medical assistance.

90.     Conversely, it was reasonably foreseeable to Defendants that if they had expressed lack of knowledge regarding the dosage of pills ingested by Herr or a concern that the number and types of sleeping pills ingested by Herr could cause serious injury or death, that Robyn Herr, Picard, and other family and friends, would have assisted the police department and taken all available measures to locate Herr and provide Herr with immediate medical assistance.

91.     Defendants' actions and/or failure to act prevented Herr from receiving assistance he would have received even if Defendants had not provided such assistance themselves.

92.     Defendants' actions and/or failure to act were done with bad faith and malice.

93.     A person of reasonable intelligence would know that an individual who ingested a large number of sleeping pills would need immediate medical assistance, and failure to provide that assistance constitutes an intentional or reckless indifference to the rights and well-being of that individual.

94.     Defendants owed Herr a duty to provide assistance once they became aware of his intent and/or actions taken to harm himself, and their failure to render the necessary assistance resulted in the foreseeable effect of causing harm to Herr.

95.     Herr's death was a direct result of Defendant's intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17)pray damages against Defendants City of Ballwin, Steve Morrison, Curt Saitta, David Wangrow, and Derek Loeffel under Count I in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT II – WRONGFUL DEATH CLAIM AGAINST DEFENDANTS JOHN DOE 1-10

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count II of their cause of action against Defendants John Doe 1-10 state as follows:

96.     Plaintiffs restate and reallege all of the allegations of paragraphs 1-94 by this reference as if fully restated herein.

97.     Defendant John Doe 1 was the dispatcher for the City of Ballwin on duty at the time of the incident complained of herein.

98.     The dispatcher failed to dispatch a CIT officer to the Herr residence despite the fact that the request for assistance from the Herr residence involved a mental health crisis and threats of suicide.

99.     Defendant John Doe 2 is the CIT Coordinator for the City of Ballwin's Crisis Intervention Team.

100.    The CIT Coordinator failed to ensure that a CIT officer conducted the necessary follow-up with Herr after Defendants Morrison and Saitta left the scene after Herr's initial suicide threats.

101.    Defendant John Doe 3 is the immediate supervisor of Defendants Morrison and Saitta on duty at the time of the Herr incident.

102.    The immediate supervisor of Defendants Morrison and Saitta failed to ensure that the appropriate CIT officer was apprised of the Herr incident at the earliest possible time after Defendants Morrison and Saitta made first contact with Herr.

103.    Defendant John Doe 4 is the Patrol Supervisor of the City of Ballwin on duty at the time of the Herr incident.

104.    The Patrol Supervisor failed to coordinate appropriate action to locate Herr, including informing the Division of Criminal Investigation or the Commanding Officer of the Bureau of Field Operations that Herr must be located immediately due to his ingestion of a fatal overdose of sleeping pills.

105.    Defendants John Doe 5-8 are the City of Ballwin's Watch Commander, Media Relations Officer, and the Chief of Police or his designee.

106.    The Watch Commander, Media Relations Officer, and the Chief of Police or his designee failed to request the necessary assistance from other personnel to locate Herr immediately in order to render medical assistance due to Herr's ingestion of a fatal overdose of sleeping pills.

16

107.    Despite the fact that Herr's circumstances met the criteria of the Missouri Endangered Person Advisory, the Watch Commander, Media Relations Officer, and the Chief of Police or his designee failed to activate the Missouri Endangered Person Advisory program or utilize the resources of that program.

108.    A person of reasonable intelligence would know that an individual who ingested a large number of sleeping pills would need immediate medical assistance, and failure to provide that assistance constitutes a reckless indifference to the rights of that individual.

109.    Defendants John Doe 1-10 owed Herr a duty to provide assistance once they became aware of his intent and/or actions taken to harm himself, and their failure to render the necessary assistance resulted in the foreseeable effect of causing harm to Herr.

110.    Defendants' actions and/or failure to act were done with bad faith and malice.

111.    Herr's death was a direct result of Defendants John Doe 1-10's intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17)pray damages against Defendants John Doe 1-10 under Count II in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT III – WRONGFUL DEATH CLAIM AGAINST METRO WEST FIRE PROTECTION DISTRICT AND JOHN DOE 11 AND 12

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count III of their cause of action against Defendants Metro West Fire Protection District and John Doe 11 and 12 state as follows:

112.     Plaintiffs restate and reallege all of the allegations of paragraphs 1-110 by this reference as if fully restated herein.

113.     John Doe 11 is the paramedic from Metro West Fire Protection District who responded to the Herr incident.

114.     John Doe 12 is the member of the fire personnel team that responded to the Herr incident.

115.     John Doe 11 and 12 and Metro West Fire Protection District knew or should have known that Herr had ingested a fatal overdose due to the number and types of sleeping pills.

116.     John Doe 11 and 12 failed to inform the police officers on-scene that Herr had ingested a fatal overdose of sleeping pills.

117.     Defendants intentionally or recklessly represented to Robyn Herr and Picard that the number and types of pills ingested by Herr would not cause death, thereby preventing Robyn Herr, Picard, and other individuals willing to assist Herr from providing such assistance due to a belief that such assistance was not immediately necessary.

118.     Defendants' actions and/or failure to act were done with bad faith and malice.

119.     Herr's death was a direct result of Defendants Metro West Fire Protection District and John Doe 11 and 12's intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) praydamages against Defendants Metro West Fire Protection District and John Doe 11 and 12 under Count III in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

**COUNT IV – NEGLIGENT FAILURE TO PROTECT AGAINST DEFENDANTS CITY OF BALLWIN, MORRISON, SAITTA, WANGROW, LOEFFEL AND JOHN DOE 1-10**

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count IV of their cause of action against Defendants City of Ballwin, Morrison, Saitta, Wangrow, Loeffel, and John Doe 1-10 state as follows:

120.    Plaintiffs restate and reallege all of the allegations of paragraphs 1-118 by this reference as if fully restated herein.

121.    Defendants had a duty to protect Herr once they became aware that he was suicidal.

122.    Defendants were aware that Herr was in immediate danger and failed to take reasonable action to protect Herr.

123.    Defendants' actions and/or failure to act were done with bad faith and malice.

124.    As a result of Defendants' actions or failure to act, Herr died of a fatal overdose of sleeping pills.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17)pray damages against Defendants City of Ballwin, Morrison, Saitta, Wangrow, Loeffel, and John Doe 1-10 under Count IV in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

**COUNT V – NEGLIGENT FAILURE TO RENDER ASSISTANCE AGAINST DEFENDANTS CITY OF BALLWIN, MORRISON, SAITTA, WANGROW, LOEFFEL, JOHN DOE 1-10, METRO WEST FIRE PROTECTION DISTRICT, AND JOHN DOE 11 AND 12**

19

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count V of their cause of action against Defendants City of Ballwin, Morrison, Saitta, Wangrow, Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 state as follows:

125.    Plaintiffs restate and reallege all of the allegations of paragraphs 1-123 by this reference as if fully restated herein.

126.    Defendants had a duty to render assistance to Herr once they became aware he was suicidal, including assigning a CIT officer to assist Herr.

127.    Defendants had a duty to render to assistance to Herr once they determined that he had ingested a large number of sleeping pills.

128.    Defendants voluntarily undertook the duty to determine whether Herr had ingested a fatal overdose of sleeping pills.

129.    Defendants did not provide assistance in a reasonable manner, and they failed to take the appropriate actions to correctly determine whether Herr had ingested a fatal overdose of sleeping pills.

130.    Defendants' actions and/or failure to act were done with bad faith and malice.

131.    Herr's death was a direct result of Defendants' intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) pray damages against Defendants City of Ballwin, Morrison, Saitta, Wangrow, Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 under Count V in excess of Seventy-Five

Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT VI – NEGLIGENT SUPERVISION AND DIRECTION AGAINST DEFENDANTS CITY OF BALLWIN, JOHN DOE 1-10, AND METRO WEST FIRE PROTECTION DISTRICT

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count V of their cause of action against Defendants City of Ballwin, John Doe 1-10, and Metro West Fire Protection District state as follows:

132.    Plaintiffs restate and reallege all of the allegations of paragraphs 1-130 by this reference as if fully restated herein.

133.    Defendant John Doe 2 is the CIT Coordinator for the City of Ballwin's Crisis Intervention Team.

134.    The CIT Coordinator failed to ensure that a CIT officer appeared at the scene of the Herr incident and/or conducted the necessary follow-up with Herr after Defendants Morrison and Saitta left the scene after Herr's initial suicide threats.

135.    Defendant John Doe 3 is the immediate supervisor of Defendants Morrison and Saitta on duty at the time of the Herr incident.

136.    The immediate supervisor of Defendants Morrison and Saitta failed to ensure that the appropriate CIT officer was apprised of the Herr incident at the earliest possible time after Defendants Morrison and Saitta made first contact with Herr.

137.    Defendant John Doe 4 is the Patrol Supervisor of the City of Ballwin on duty at the time of the Herr incident.

138.    The Patrol Supervisor failed to coordinate appropriate action to locate Herr, including informing the Division of Criminal Investigation or the Commanding Officer of the Bureau of Field Operations that Herr must be located immediately due to his ingestion of a fatal overdose of sleeping pills.

139.    Defendants John Doe 5-8 are the City of Ballwin's Watch Commander, Media Relations Officer, and the Chief of Police or his designee.

140.    The Watch Commander, Media Relations Officer, and the Chief of Police or his designee failed to request the necessary assistance from other personnel to locate Herr immediately in order to render medical assistance due to Herr's ingestion of a fatal overdose of sleeping pills.

141.    Despite the fact that Herr's circumstances met the criteria of the Missouri Endangered Person Advisory, the Watch Commander, Media Relations Officer, and the Chief of Police or his designee failed to activate the Missouri Endangered Person Advisory program or utilize the resources of that program.

142.    A person of reasonable intelligence would know that an individual who ingested a large number of sleeping pills would need immediate medical assistance, and failure to provide that assistance constitutes an intentional or reckless indifference to the rights of that individual.

143.    Defendants owed Herr a duty to provide assistance once they became aware of his intent and/or actions taken to harm himself, and their failure to render the necessary assistance resulted in the foreseeable effect of causing harm to Herr.

144.    Defendants breached their duty to provide an effective system for the control and monitoring of their officers' and employees' performance.

22

145. Defendants failed to provide written and verbal directives, failed to develop adequate departmental policies and guidelines, and failed to articulate clearly to employees how duties are to be performed.

146. Defendants City of Ballwin and the Metro West Fire Protection District approved their officers' and employees' actions even though it was contrary to their policy and procedure.

147. Defendants' actions and/or failure to act were done with bad faith and malice.

148. Herr's death was a direct result of Defendants' intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) pray damages against Defendants City of Ballwin, John Doe 1-10, and Metro West Fire Protection District under Count VI in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT VII – NEGLIGENT ENTRUSTMENT AND ASSIGNMENT AGAINST DEFENDANTS CITY OF BALLWIN, JOHN DOE 1-10, AND METRO WEST FIRE PROTECTION DISTRICT

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count VII of their cause of action against Defendants City of Ballwin, John Doe 1-10, and Metro West Fire Protection District state as follows:

149. Plaintiffs restate and reallege all of the allegations of paragraphs 1-147 by this reference as if fully restated herein.

150.     Defendants Morrison, Saitta, Wangrow, Loeffel and John Doe 1-12 were not properly trained and capable of carrying out their responsibilities to Herr when they were assigned that responsibility.

151.     Defendants Morrison and Saitta were entrusted with the duty of determining whether Herr posed a danger to himself, but they were not qualified to render such an opinion because they were not members of the City of Ballwin's Crisis Intervention Team.

152.     Defendants Morrison, Saitta and John Doe 11 and 12 were entrusted with the duty of determining whether Herr had ingested a fatal overdose of sleeping pills, but they were not trained or qualified to render such an opinion nor did they seek outside assistance in making the determination.

153.     Defendants Morrison, Saitta, Wangrow, and Loeffel were entrusted with the duty of locating Herr once they became aware he had ingested a fatal overdose of sleeping pills, but they were not trained or capable of locating Herr.

154.     Defendants' actions and/or failure to act were done with bad faith and malice.

155.     Herr's death was a direct result of Defendants' intentional or unreasonable negligent actions and/or failure to act.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) pray damages against Defendants City of Ballwin, John Doe 1-10, and Metro West Fire Protection District under Count VII in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS CITY OF BALLWIN, MORRISON, SAITTA, WANGROW, LOEFFEL, JOHN DOE 1-10, METRO WEST FIRE PROTECTION DISTRICT, AND JOHN DOE 11 AND 12

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17), by and through their attorneys of record, and for Count VIII of their cause of action against Defendants City of Ballwin, Steve Morrison, Curt Saitta, David Wangrow, Derek Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 state as follows:

156.    Plaintiffs restate and reallege all of the allegations of paragraphs 1-154 by this reference as if fully restated herein.

157.    Defendants Morrison and Saitta refused to take Herr into custody for medical evaluation despite Robyn Herr's and Picard's representations to Defendants that Herr had made numerous threats of suicide to them over the hours preceding their arrival at Herr's residence.

158.    Defendants Morrison and Saitta failed to request that a CIT officer respond to the scene.

159.    Defendants Morrison and Saitta located the empty sleeping pill containers, and knew or should have known that Herr had ingested a fatal overdose due to the number and types of pills.

160.    Defendants Morrison and Saitta failed to verify whether the number and types of pills ingested by Herr would cause death.

161.    Defendants Morrison, Saitta, Wangrow, and Loeffel failed to take the necessary steps to locate and assist Herr after he ingested the sleeping pills.

162.    Defendants Morrison and Saitta represented to Robyn Herr and Picard that the number and types of pills ingested by Herr would not cause death, thereby preventing Robyn

25

Herr, Picard, and other individuals willing to assist Herr from providing such assistance due to a belief that such assistance was not immediately necessary.

163.    The actions of Defendants Morrison, Saitta, Wangrow, and Loeffel were done intentionally or recklessly, and constitute extreme and outrageous conduct.

164.    Defendants' actions and/or failure to act were done with bad faith and malice.

165.    The actions of Defendants have caused severe emotional distress to Plaintiffs, who have lost a loved family member as the result of Defendants' actions.

166.    The injury to Plaintiffs is medically diagnosable and medically significant.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) pray damages against Defendants City of Ballwin, Steve Morrison, Curt Saitta, David Wangrow, Derek Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 under Count VIII in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS CITY OF BALLWIN AND MARK LANG

COMES NOW Plaintiff Robyn Herr, by and through her attorneys of record, and for Count IX of her cause of action against Defendants City of Ballwin and Mark Lang, states as follows:

167.    Plaintiff restates and realleges all of the allegations of paragraphs 1-165 by this reference as if fully restated herein.

168.    Defendant Lang was involved in the investigation of the death of Herr.

169.    Plaintiff Robyn Herr is the mother of Herr the decedent.

26

170.    Defendant Lang made repeated statements to Robyn Herr, and to the family and friends of Robyn Herr, that the City of Ballwin Police Department was prevented from helping Herr on September 21, 2009 due to Robyn Herr's failure to sign an affidavit for the involuntary commitment of Herr for medical evaluation.

171.    Defendant Lang stated or inferred to Robyn Herr, and to the family and friends of Robyn Herr, that Robyn Herr was responsible for Herr's subsequent suicide due to Robyn Herr's failure to sign said affidavit.

172.    The statements by Defendant Lang were made intentionally or recklessly to cause harm or emotional distress, and constitute extreme and outrageous conduct.

173.    The statements by Defendant Lang caused severe emotional distress to Robyn Herr, who now blames herself for her son's death because she failed to sign the affidavit for his involuntary commitment.

174.    Defendant Lang's actions and/or failure to act were done with bad faith and malice.

175.    The injury to Robyn Herr is medically diagnosable and medically significant.

WHEREFORE, Plaintiff Robyn Herr prays damages against Defendants City of Ballwin and Mark Lang under Count IX in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for her costs of Court herein, including her reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## COUNT X – VIOLATION OF 42 U.S.C. § 1983

COME NOW Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) , by and through their attorneys of record, and for Count X of their cause of action against Defendants City of

Ballwin, Morrison, Saitta, Wangrow, Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 state as follows:

176.   Plaintiffs restate and reallege all of the allegations of paragraphs 1-174 by this reference as if fully restated herein.

177.   Defendants were acting under color of law at all times complained of herein.

178.   Defendants violated Herr's rights under the Fourteenth Amendment to the United States Constitution by depriving him of his life without due process of law, and also by denying him the equal protection of laws.

179.   Defendants showed deliberate indifference to Herr's constitutional rights due to their policies and customs of handling potential suicides.

180.   Defendants showed deliberate indifference to Herr's constitutional rights due to their failure to train their officers, employees, and subordinates in how to handle potential suicides.

181.   Defendants showed deliberate indifference to Herr's constitutional rights due to their failure to train their officers, employees, and subordinates in how to render medical aid or assistance where a party has taken action with the intent of committing suicide.

182.   Defendants generally failed to follow the City of Ballwin Police Department's General Order 68-09 and General Order 36-07.

183.   Defendants promulgated a pattern of conduct tantamount to a policy or custom of indifference to the need for training to prevent such constitutional violations as suffered by Herr.

184.   It was likely or foreseeable that such pattern of conduct would create situations like the one which led to the death of Herr.

185.     Defendants were aware that Herr was suicidal and had ingested a large number of sleeping pills, and Defendants were deliberately indifferent to the danger to Herr by failing to locate Herr and render medical assistance.

186.     Defendants took affirmative acts that enhanced the danger to Herr by representing to Robyn Herr and Picard that the pills would not cause Herr's death, thereby convincing Herr's family and friends that he was not in immediate danger and it was not necessary to immediately locate him.

187.     Defendants' actions resulted in the death of Herr, in violation of the Fourteenth Amendment to the United States Constitution.

188.     Plaintiffs are entitled to their attorney's fees and costs of bringing this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs Paul O'Grady, Robyn Herr, D.H., a minor (name redacted per Local Rule 5-2.17), and A.H., a minor (name redacted per Local Rule 5-2.17) pray damages against Defendants City of Ballwin, Morrison, Saitta, Wangrow, Loeffel, John Doe 1-10, Metro West Fire Protection District, and John Doe 11 and 12 under Count X in excess of Seventy-Five Thousand Dollars ($75,000), and for punitive damages, for their costs of Court herein, including their reasonable attorney's fees, and for such other relief as deemed just and proper in the premises.

## JURY TRIAL DEMAND

189.     Plaintiffs hereby demand a trial by jury on all issues.

Respectfully Submitted,


By:    /s/    Richard B. Hein
        RICHARD B. HEIN, #65012
        THE HEIN LAW FIRM, L.C.
        7750 Clayton Road, Suite 102
        St. Louis, Missouri 63117
        (314) 645.7900
        (314) 645.7901 Facsimile

        /s/    Kevin J. Dolley
        Kevin J. Dolley, USDC #117137
        Law Offices of Kevin J. Dolley
        7750 Clayton Road, Suite 102
        St. Louis MO 63117-1343
        (314)645-4100 (office)
        (314)645-7901 (fax)
        kevin@dolleylaw.com

        *Attorneys for Plaintiffs*