UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL O'GRADY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     vs. | )     Case No. 4:10CV01707 AGF |
| | ) |
| CITY OF BALLWIN, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs Paul O'Grady, Robin Herr, A. H., a minor, by next friend, Amber Picard, and D. H., a minor,[1] by next friend, Lisa Gann, bring this action for wrongful death, various violations of state tort law, and, pursuant to 42 U.S.C. § 1983, for violation of the constitutional rights of decedent Josh Herr's ("Herr"), arising from Defendants' actions and responses to the events leading up to Herr's death by suicide. Now before the Court are the motion of Defendant Metro West Fire Protection District ("Metro West") to dismiss Counts II, IV, VI, VII and IX of Plaintiffs' complaint; the motion of Defendant, the City of Ballwin ("the City"), to dismiss Counts I and III through VIII of Plaintiffs' complaint; and the motion of Defendants Todd Noltkamper, Mark Moore, Jim Moss, Christopher Zang, and Gregory Dahm ("the EMT Defendants") to dismiss Counts II, IV, VII and IX of Plaintiffs' complaint.

---

[1]    (Minors' names redacted per Local Rule 5-2.17.)

## BACKGROUND

Plaintiffs filed their first amended complaint on August 15, 2011, asserting claims against the City of Ballwin, five Ballwin police officers, Metro West, and five Metro West emergency medical technicians. Plaintiffs assert claims for wrongful death, negligent failure to protect, negligent failure to render assistance, negligent supervision and direction, negligent entrustment and assignment, negligent and intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983.

Plaintiffs allege that on September 21, 2009, Herr, the decedent, made threats of suicide in the presence of his mother, Robyn Herr, and Amber Picard. Robyn Herr and Picard called 911 and Defendants Steve Morrison and Curt Saitta, police officers for the City, responded to the call and accompanied Robyn Herr and Picard to Herr's residence. After questioning Herr, Morrison and Saitta left the premises. After the officers departed, Herr ingested a large number of sleeping pills in the presence of Robyn Herr and Picard, and then Herr, too, left the premises.

Robyn Herr and Picard again called 911 and Morrison and Saitta returned to the residence, accompanied by two other Ballwin police officers, David Wangrow and Derek Loeffel. Also with them were the EMT Defendants, employed as emergency medical technicians. Robyn Herr and Picard informed the responding officers and the EMT Defendants of both the type and quantity of pills Herr had ingested. The responding officers and EMT Defendants stated that the dosage would not be fatal, and left the residence without locating Herr. Herr did not return to the residence that evening or

thereafter.  On October 22, 2009, his severely decomposed body was found in a stream a few hundred feet away from his residence.

On the basis of these allegations Plaintiffs assert claims for wrongful death and state-law torts for negligent and intentional misconduct.  Plaintiffs also assert that Defendants were deliberately indifferent to Plaintiffs' constitutional rights under the Equal Protection and the Due Process clauses of the Fourteenth Amendment as a result of Defendants' policies and customs for handling potential suicides; their failure to train officers, employees, and subordinates to render medical assistance to individuals attempting suicide; and their failure to follow City of Ballwin Police Department General Orders 68-09 and 36-07.  Plaintiffs further assert that the danger to Herr was foreseeable and that Defendants were deliberately indifferent to that danger by failing to locate Herr and render medical assistance.  Finally, Plaintiffs assert that Defendants took affirmative acts which increased the danger to Herr by representing to Robyn Herr and Picard that the pills Herr ingested would not cause his death, thereby convincing Herr's family and friends that he was not in immediate danger and that it was not necessary to locate him.

In Count I, Plaintiffs assert a claim for wrongful death against the City and police officers Morrison, Saitta, Wangrow and Loeffel (the "Responding Officers").  In Count II, Plaintiffs assert a claim for wrongful death against Metro West and the EMT Defendants.  In Count III, Plaintiffs allege a claim of negligent failure to protect against the City and the Responding Officers, and in Count IV, Plaintiffs allege a claim based on negligent failure to render assistance against all Defendants other than Defendant Mark Lang.  In Counts V and VI, Plaintiffs allege claims against the City and Metro West for negligent supervision

3

and direction (Count V) and negligent entrustment and assignment (Count VI). In Count VII, Plaintiffs allege claims against all Defendants, other than Lang, for negligent and intentional infliction of emotional distress. In Count VIII, Plaintiffs allege a claim of intentional infliction of emotional distress against the City and Lang, related to statements made by Lang during the course of the investigation into the cause of Herr's death. In Count IX, Plaintiffs assert a claim for violation of 18 U.S.C. § 1983 against all Defendants, other than Lang. The claims against the individual Defendants are asserted against them in their individual and official capacities.

Metro West moves to dismiss counts II, IV, VI, VII and IX on the grounds of sovereign immunity. The City moves to dismiss all counts asserted against it, other than the § 1983 claim, on the basis of sovereign immunity, and also moves to strike all allegations of punitive damages. The EMT Defendants have also moved to dismiss the claims against them, contending that they are protected under the public duty doctrine, which shields government or municipal employees from liability if their actions are taken as part of the duties of their employment owed to the general public, and the doctrine of official immunity, which shields government or municipal employees from liability if their actions are taken as part of the duties of their employment owed to the general public, and not to particular individuals such as Plaintiffs or the decedent. Finally, Metro West and the EMT Defendants argue that the allegations of Plaintiffs' complaint fail to state a claim for a constitutional violation under 42 U.S.C. § 1983.

**DISCUSSION**

**Motion to Dismiss Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than mere "labels and conclusions," *id.*, and must state a claim that is "plausible on its face." *Id.* at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short . . . of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 557). Because the § 1983 Claim in Count IX provides the source for this Court's jurisdiction, the Court shall address that claim first.

**Plaintiffs' § 1983 Claim**

"A § 1983 plaintiff must allege 'that the defendants (1) acted under color of state law and (2) that the alleged wrongful conduct deprived plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 804 (8th Cir. 2005)). Here, Plaintiffs fail to assert a § 1983 violation because the allegations in the amended complaint do not allege a constitutional claim, under either the Due Process Clause or the Equal Protection Clause.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To establish a substantive due process violation, a plaintiff

must first show a deprivation of life, liberty, or property. *DeShaney v. Winnebago County Dep't of Social Servs*., 489 U.S. 189, 196 (1989). The Due Process Clause "imposes no duty on the State to provide members of the general public with adequate protective services. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. . . ." *Id*. The State's knowledge of a person's danger and its expressions of willingness to protect him against that danger do not establish a "special relationship" giving rise to an affirmative constitutional duty to protect. *Id*. An affirmative duty on the part of a state actor "to protect" arises not from knowledge of an individual's predicament or from expressions of intent to help him, but from the limitations such as "imprisonment, institutionalization, or other similar restraint of personal liberty" imposed by the State which prevent an individual from acting on his own behalf. *Id*.

A substantive due process right to protection can arise under two theories. Under the first theory, the state may owe a duty to protect individuals in its custody. *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992). Under the second, the state may owe a duty to protect individuals if it created the danger to which they become subject. *Id.*; *see also Burton v. Richmond*, 370 F.3d 723, (8th Cir. 2004). "[T]he test . . . employed to ascertain a valid substantive due process violation is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Hart,* 432 F.3d at 805 (8th Cir. 2005) (quoting *Hawkins v. Holloway*, 316 F.3d 777, 780 (8th Cir. 2003)).

Plaintiffs have pled no facts or allegations to suggest that Herr was taken into custody, institutionalized, imprisoned, or had his liberty restrained in any way. Rather, Plaintiffs argue that the Defendants placed Herr in a position of danger that he might not have otherwise faced by stating that the type and quantity of pills Herr ingested would not be fatal. The Court does not agree that a special relationship giving rise to a duty to protect Herr arose as a result of Defendants' response to the 911 call or their subsequent statements regarding the pills Herr ingested. Sadly, the danger Herr faced came about as the result of his own unfortunate action; Defendants in no way created it. *See, e.g., Martin v. City of League City*, 23 F. Supp. 2d 720, 721-22 (S.D. Tex. 1998) (no due process violation arising from decedent's suicide where EMS personnel who responded to a call regarding an obviously intoxicated man, suffering from severe mood swings, directed his family to leave the home, and subsequently left him alone at which time he committed suicide). For this reason, the Court concludes that Plaintiffs have failed to state a claim for violation of the Due Process Clause.

**The Equal Protection Clause**

Plaintiffs also assert that Defendants' conduct resulted in a violation of the Equal Protection Clause. To allege a violation of Equal Protection Clause, Plaintiffs must show that Herr was treated differently than other persons who were similarly situated in all relevant respects. *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009). The Supreme Court also has recognized a "class of one" equal protection claim in certain situations, where a plaintiff shows that he was "intentionally treated differently from

others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000).

Plaintiffs do not allege facts that satisfy either of these formulations. Here they only allege that Defendants should have responded to Herr's situation by locating him and providing medical care, but not that he was treated differently than other persons who attempt suicide or that the Responding Officers and EMTs intentionally acted or failed to act differently than they would have in responding to other persons "similarly situated in all relevant respects." *See Kelley v. White*, No. 11-3018, 2012 WL 687012, at*1 (8th Cir. Mar. 5, 2012). In the absence of such allegations, the Court cannot conclude that Plaintiffs have alleged a violation of the equal protection clause.

Although the City did not move to dismiss the § 1983 claim in its motion, and the Defendant police officers have not filed any motion to dismiss, the analysis is the same, and the Court finds that the allegations in Count IX fail to state a claim as to all Defendants herein.

**Supplemental Jurisdiction**

Having dismissed the § 1983 claim which forms the basis for this Court's exercise of federal jurisdiction over Plaintiffs' claims, the Court declines to supplemental jurisdiction over the remaining state law claims. *See Missouri Roundtable for Life v. Carnahan,* No. 10-3368, 2012 WL 851044, at *11 (8th Cir. Mar. 15, 2012). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  Although it appears that Defendants' arguments based on sovereign immunity, official immunity, and the public duty doctrine may be well taken, it is best if a state court resolves these issues of Missouri law.  As such, the Court concludes that this is a case in which it is appropriate to decline to exercise supplemental jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss [Doc. No. 65 and 79] are **GRANTED**, with respect to Count IX.

**IT IS FURTHER ORDERED** that the remaining state claims, Counts I through VIII, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot.**

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2012.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL O'GRADY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV01707 AGF |
| | ) |
| CITY OF BALLWIN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiffs Paul O'Grady, Robin Herr, A. H., a minor, by next friend, Amber Picard, and D. H., a minor,[1] by next friend, Lisa Gann, bring this action for wrongful death, various violations of state tort law, and, pursuant to 42 U.S.C. § 1983, for violation of the constitutional rights of decedent Josh Herr's ("Herr"), arising from Defendants' actions and responses to the events leading up to Herr's death by suicide.  Now before the Court are the motion of Defendant Metro West Fire Protection District ("Metro West") to dismiss Counts II, IV, VI, VII and IX of Plaintiffs' complaint; the motion of Defendant, the City of Ballwin ("the City"), to dismiss Counts I and III through VIII of Plaintiffs' complaint; and the motion of Defendants Todd Noltkamper, Mark Moore, Jim Moss, Christopher Zang, and Gregory Dahm ("the EMT Defendants") to dismiss Counts II, IV, VII and IX of Plaintiffs' complaint.

---

[1]  (Minors' names redacted per Local Rule 5-2.17.)

## BACKGROUND

Plaintiffs filed their first amended complaint on August 15, 2011, asserting claims against the City of Ballwin, five Ballwin police officers, Metro West, and five Metro West emergency medical technicians. Plaintiffs assert claims for wrongful death, negligent failure to protect, negligent failure to render assistance, negligent supervision and direction, negligent entrustment and assignment, negligent and intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983.

Plaintiffs allege that on September 21, 2009, Herr, the decedent, made threats of suicide in the presence of his mother, Robyn Herr, and Amber Picard. Robyn Herr and Picard called 911 and Defendants Steve Morrison and Curt Saitta, police officers for the City, responded to the call and accompanied Robyn Herr and Picard to Herr's residence. After questioning Herr, Morrison and Saitta left the premises. After the officers departed, Herr ingested a large number of sleeping pills in the presence of Robyn Herr and Picard, and then Herr, too, left the premises.

Robyn Herr and Picard again called 911 and Morrison and Saitta returned to the residence, accompanied by two other Ballwin police officers, David Wangrow and Derek Loeffel. Also with them were the EMT Defendants, employed as emergency medical technicians. Robyn Herr and Picard informed the responding officers and the EMT Defendants of both the type and quantity of pills Herr had ingested. The responding officers and EMT Defendants stated that the dosage would not be fatal, and left the residence without locating Herr. Herr did not return to the residence that evening or

thereafter. On October 22, 2009, his severely decomposed body was found in a stream a few hundred feet away from his residence.

On the basis of these allegations Plaintiffs assert claims for wrongful death and state-law torts for negligent and intentional misconduct. Plaintiffs also assert that Defendants were deliberately indifferent to Plaintiffs' constitutional rights under the Equal Protection and the Due Process clauses of the Fourteenth Amendment as a result of Defendants' policies and customs for handling potential suicides; their failure to train officers, employees, and subordinates to render medical assistance to individuals attempting suicide; and their failure to follow City of Ballwin Police Department General Orders 68-09 and 36-07. Plaintiffs further assert that the danger to Herr was foreseeable and that Defendants were deliberately indifferent to that danger by failing to locate Herr and render medical assistance. Finally, Plaintiffs assert that Defendants took affirmative acts which increased the danger to Herr by representing to Robyn Herr and Picard that the pills Herr ingested would not cause his death, thereby convincing Herr's family and friends that he was not in immediate danger and that it was not necessary to locate him.

In Count I, Plaintiffs assert a claim for wrongful death against the City and police officers Morrison, Saitta, Wangrow and Loeffel (the "Responding Officers"). In Count II, Plaintiffs assert a claim for wrongful death against Metro West and the EMT Defendants. In Count III, Plaintiffs allege a claim of negligent failure to protect against the City and the Responding Officers, and in Count IV, Plaintiffs allege a claim based on negligent failure to render assistance against all Defendants other than Defendant Mark Lang. In Counts V and VI, Plaintiffs allege claims against the City and Metro West for negligent supervision

3

and direction (Count V) and negligent entrustment and assignment (Count VI). In Count VII, Plaintiffs allege claims against all Defendants, other than Lang, for negligent and intentional infliction of emotional distress. In Count VIII, Plaintiffs allege a claim of intentional infliction of emotional distress against the City and Lang, related to statements made by Lang during the course of the investigation into the cause of Herr's death. In Count IX, Plaintiffs assert a claim for violation of 18 U.S.C. § 1983 against all Defendants, other than Lang. The claims against the individual Defendants are asserted against them in their individual and official capacities.

Metro West moves to dismiss counts II, IV, VI, VII and IX on the grounds of sovereign immunity. The City moves to dismiss all counts asserted against it, other than the § 1983 claim, on the basis of sovereign immunity, and also moves to strike all allegations of punitive damages. The EMT Defendants have also moved to dismiss the claims against them, contending that they are protected under the public duty doctrine, which shields government or municipal employees from liability if their actions are taken as part of the duties of their employment owed to the general public, and the doctrine of official immunity, which shields government or municipal employees from liability if their actions are taken as part of the duties of their employment owed to the general public, and not to particular individuals such as Plaintiffs or the decedent. Finally, Metro West and the EMT Defendants argue that the allegations of Plaintiffs' complaint fail to state a claim for a constitutional violation under 42 U.S.C. § 1983.

4

## DISCUSSION

### Motion to Dismiss Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than mere "labels and conclusions," *id.*, and must state a claim that is "plausible on its face." *Id.* at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short . . . of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 557). Because the § 1983 Claim in Count IX provides the source for this Court's jurisdiction, the Court shall address that claim first.

### Plaintiffs' § 1983 Claim

"A § 1983 plaintiff must allege 'that the defendants (1) acted under color of state law and (2) that the alleged wrongful conduct deprived plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 804 (8th Cir. 2005)). Here, Plaintiffs fail to assert a § 1983 violation because the allegations in the amended complaint do not allege a constitutional claim, under either the Due Process Clause or the Equal Protection Clause.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To establish a substantive due process violation, a plaintiff

5

must first show a deprivation of life, liberty, or property. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989). The Due Process Clause "imposes no duty on the State to provide members of the general public with adequate protective services. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. . . ." *Id*. The State's knowledge of a person's danger and its expressions of willingness to protect him against that danger do not establish a "special relationship" giving rise to an affirmative constitutional duty to protect. *Id*. An affirmative duty on the part of a state actor "to protect" arises not from knowledge of an individual's predicament or from expressions of intent to help him, but from the limitations such as "imprisonment, institutionalization, or other similar restraint of personal liberty" imposed by the State which prevent an individual from acting on his own behalf. *Id*.

A substantive due process right to protection can arise under two theories. Under the first theory, the state may owe a duty to protect individuals in its custody. *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992). Under the second, the state may owe a duty to protect individuals if it created the danger to which they become subject. *Id.*; *see also Burton v. Richmond*, 370 F.3d 723, (8th Cir. 2004). "[T]he test . . . employed to ascertain a valid substantive due process violation is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Hart,* 432 F.3d at 805 (8th Cir. 2005) (quoting *Hawkins v. Holloway*, 316 F.3d 777, 780 (8th Cir. 2003)).

Plaintiffs have pled no facts or allegations to suggest that Herr was taken into custody, institutionalized, imprisoned, or had his liberty restrained in any way. Rather, Plaintiffs argue that the Defendants placed Herr in a position of danger that he might not have otherwise faced by stating that the type and quantity of pills Herr ingested would not be fatal. The Court does not agree that a special relationship giving rise to a duty to protect Herr arose as a result of Defendants' response to the 911 call or their subsequent statements regarding the pills Herr ingested. Sadly, the danger Herr faced came about as the result of his own unfortunate action; Defendants in no way created it. *See, e.g., Martin v. City of League City*, 23 F. Supp. 2d 720, 721-22 (S.D. Tex. 1998) (no due process violation arising from decedent's suicide where EMS personnel who responded to a call regarding an obviously intoxicated man, suffering from severe mood swings, directed his family to leave the home, and subsequently left him alone at which time he committed suicide). For this reason, the Court concludes that Plaintiffs have failed to state a claim for violation of the Due Process Clause.

**The Equal Protection Clause**

Plaintiffs also assert that Defendants' conduct resulted in a violation of the Equal Protection Clause. To allege a violation of Equal Protection Clause, Plaintiffs must show that Herr was treated differently than other persons who were similarly situated in all relevant respects. *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009). The Supreme Court also has recognized a "class of one" equal protection claim in certain situations, where a plaintiff shows that he was "intentionally treated differently from

others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000).

Plaintiffs do not allege facts that satisfy either of these formulations. Here they only allege that Defendants should have responded to Herr's situation by locating him and providing medical care, but not that he was treated differently than other persons who attempt suicide or that the Responding Officers and EMTs intentionally acted or failed to act differently than they would have in responding to other persons "similarly situated in all relevant respects." *See Kelley v. White*, No. 11-3018, 2012 WL 687012, at*1 (8th Cir. Mar. 5, 2012). In the absence of such allegations, the Court cannot conclude that Plaintiffs have alleged a violation of the equal protection clause.

Although the City did not move to dismiss the § 1983 claim in its motion, and the Defendant police officers have not filed any motion to dismiss, the analysis is the same, and the Court finds that the allegations in Count IX fail to state a claim as to all Defendants herein.

**Supplemental Jurisdiction**

Having dismissed the § 1983 claim which forms the basis for this Court's exercise of federal jurisdiction over Plaintiffs' claims, the Court declines to supplemental jurisdiction over the remaining state law claims. *See Missouri Roundtable for Life v. Carnahan,* No. 10-3368, 2012 WL 851044, at *11 (8th Cir. Mar. 15, 2012). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Although it appears that Defendants' arguments based on sovereign immunity, official immunity, and the public duty doctrine may be well taken, it is best if a state court resolves these issues of Missouri law. As such, the Court concludes that this is a case in which it is appropriate to decline to exercise supplemental jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss [Doc. No. 65 and 79] are **GRANTED**, with respect to Count IX.

**IT IS FURTHER ORDERED** that the remaining state claims, Counts I through VIII, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot.**

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2012.