UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL O'GRADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01707 AGF |
| ) | |
| CITY OF BALLWIN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case, related to the death of Josh Herr ("Herr"), was filed by Plaintiffs Paul O'Grady; Robin Herr; A. H., a minor, by next friend, Amber Picard; and D. H., a minor,[1] by next friend, Lisa Gann. Plaintiffs assert claims for wrongful death, violations of state tort law, and for violation of the decedent Herr's constitutional rights arising from Defendants' responses to the events surrounding Herr's suicide. In a Memorandum and Order dated March 31, 2012, (Doc. No. 109) this Court dismissed Count IX of Plaintiffs' Amended Complaint for failure to state a claim under 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's March 31, 2012 Memorandum and Order. For the reasons set forth below, Plaintiffs' motion will be denied.

Specifically, Plaintiffs seek reconsideration of the Court's ruling with respect to the allegations in Count IX against the City of Ballwin, Missouri, for failure to properly

---

[1] The minors' names are redacted per Local Rule 5-2.17.

1

train police officers regarding application of the standards for involuntary commitment.[2]

**Legal Standard: Rule 60(b) Motion for Reconsideration**

Whether to grant a Rule 60(b) motion for reconsideration is committed to the sound discretion of this Court. *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citing *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001)). "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold*, 627 F. 3d at 721(quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted)). A motion for reconsideration is not a vehicle for the introduction of new legal theories or "new evidence that could have been adduced during pendency of the motion at issue." *ADT Sec. Services, Inc.*, 627 F.3d at 721 (internal quotations omitted). In order to be considered "newly discovered" for purposes of a motion for reconsideration, the evidence in question must have been "previously unavailable." *BIS Investments, LLC v. Bank of America, N.A.*, No. 4:12CV195 CDP, 2012 WL 2128032, at *1 (E.D. Mo. Jun. 12, 2012 ) (citing *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996)).

**Analysis**

In support of their motion, Plaintiffs offer extensive deposition transcripts and documentary evidence not previously submitted in opposition to the motion to dismiss.

---

[2] Plaintiffs do not seek reconsideration of that portion of the March 31, 2012 Memorandum and Order dismissing the allegations in Count IX against the Metro West Fire Protection District, Todd Noltkamper, Jim Moss, Mark Moore, Christopher Zang, and Gregory Dahm.

2

Plaintiffs do not assert that this evidence is "newly discovered" within the meaning of Rule 60(b), only that it is the product of discovery completed after the briefing on the motion to dismiss. These materials will not be considered with respect to the motion for reconsideration as they constitute matters outside the pleadings. The Court could only consider these materials if it had converted the previously denied motion to dismiss to a motion for judgment on the pleadings or for summary judgment and allowed Defendants an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (citation omitted). It did not do so and will not now, because the additional evidentiary offerings do not affect the Court's conclusion that Plaintiffs failed to allege a substantive due process violation by the City of Ballwin.

Plaintiffs first assert that the Court erred as a matter of law by failing to consider their allegations that the City failed to properly train police officers (or was deliberately indifferent to the necessity for proper training) with respect to the standards for the use of hearsay statements in the involuntary commitment process and thus deprived Herr of his constitutional rights.

When a § 1983 claim is asserted against a municipality, proper analysis requires consideration of two different issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Tex*. 503 U.S. 115, 120 (1992) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)). Given the two part analysis applicable to claims of municipal liability under § 1983, and the Court's determination in its March 31, 2012 Memorandum and Order that Plaintiffs failed as a matter of law adequately to allege

3

either a substantive due process or equal protection violation[3] arising from Herr's suicide, the Court had no reason to further explore the allegations regarding the City's alleged failure to properly train.  In the absence of an underlying constitutional violation, allegations of municipal liability arising from such a violation must fail.  *Collins,* 503 U.S. at 120.

Plaintiffs further assert that the Court erred in failing to find that a substantive due process violation had been alleged.  This contention is without merit.  In its Memorandum and Order, the Court relied on the proposition set forth in *DeShaney v. Winnebago Cnty. Dept. of Social Services,* that neither the "State's knowledge of the individual's predicament" nor its "expressions of intent to help him" establish a "special relationship" giving rise to an affirmative constitutional duty to protect him from harm.  *DeShaney*, 489 U.S. 189, 200 (1989).  The State has no such affirmative constitutional duty unless it has imposed restrictions on the individual's freedom to act on his own behalf, or created the danger to which the individual became subject.  *Id.*  As this Court previously stated, Plaintiffs have not pled any facts indicating that Herr was taken into custody, "had his liberty restrained in any way," or was placed "in a position of danger that he might not have otherwise faced. . . ."  (Doc. No. 109, p. 7.)

In dismissing the substantive due process allegations, the Court recognized that the principle set forth in *Deshaney* is not altered where the violence at issue is self-inflicted or there is an allegation that lawful restraint would have protected the plaintiff from harm.

---

[3] Plaintiffs assert no basis for reconsideration of the Court's dismissal of their equal protection claim.

*See, e.g., Carlton v. Cleburne Cnty., Ark.,* 93 F.3d 505, 509 (8th Cir. 1996) (holding that "mere knowledge" by government of danger to an individual does not create affirmative duty to protect); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 991-992 (7th Cir. 1998) (holding that defendants had no obligation to stop the plaintiffs' decedent from committing suicide once he had been released from jail); *Wilson v. Formigoni*, 42 F.3d 1060, 1066 (7th Cir. 1994) (stating that there is no constitutional right to be lawfully restrained or involuntarily committed"); *Martin v. City of League City*, 23 F. Supp. 2d 720, 722-23 (S.D. Tex. 1998) (holding that neither the city nor the police officers committed a constitutional violation where plaintiff was left unsupervised in his home, because they did not cause his psychological problems).

Finally, Plaintiffs cite numerous cases in support of their position that a constitutional violation was alleged. Those cases are inapposite, as they involve either violations of the Fourth or Eighth amendments; state-imposed restraints of liberty, such as arrest or pretrial detention; or allegations of excessive use of force, none of which are pertinent here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Doc. No. 111) is **DENIED**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2012.

5